

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>CHRISTINE LEE AMADO,<br><br>Debtor. | Case No. 20-00831<br>(Chapter 13)<br><br>Date:  October 19, 2021 and<br>         October 20, 2021<br>Time:  9:30 a.m.<br>Judge: Honorable Robert J. Faris<br><br>Related Dkt Nos. 21, 27, 83 |

FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON MOTIONS FOR RELIEF FROM THE
<u>AUTOMATIC STAY AND OBJECTION TO CLAIM NO. 6</u>

The (1) Motion For Relief From The Automatic Stay Re: Real Property Located At 1324 Hopkins St., Berkeley, CA (the "Real Property Sale Motion for Relief"), Dkt #21; (2) Motion For Relief From The Automatic Stay Re: Civil Complaint For Fraudulent Transfer; Conversion; Imposition Of Constructive Trust; Accounting; And Treble Damages (the "Fraudulent Transfer Lawsuit Motion for Relief"), Dkt #27; and

(3) Objection To Claim No. 6, as Amended (the "Zepeda Claim Objection"), Dkt #83, all filed herein by James Dean and Christine Dean were heard together at an evidentiary hearing conducted by this Court on October 19, 2021 and October 20, 2021.  Appearances were made by Ofir Raviv, Esq., for Debtor Christine Lee Amado, Scott Jordan, Esq., Susan Tius, Esq., and Reginauld Harris, Esq., for James Dean and Christine Dean and Jordon Kimura, Esq. and Sae Lee, Esq., for Martha Zepeda.

## FINDINGS OF FACT

The Court finds as follows:

Ms. Christine Amado and Mr. Henry Amado (the "Amados") are spouses and the owners of the real property located at 1324 Hopkins St., Berkeley, California 94702 (the "Property"). Ms. Zepeda is Mr. Amado's mother and Ms. Amado's mother-in law.

On September 29, 2015, a Final Arbitration Award in favor of James Dean and Christine Dean (the "Deans") against the Amados and others was entered. The Superior Court of California entered a judgment confirming the arbitration award on December 23, 2015. Mr. Amado

2

U.S. Bankruptcy Court - Hawaii   #20-00831   Dkt # 140   Filed 11/17/21   Page 2 of 8

appealed the judgment confirming the arbitration award.

Mr. and Ms. Amado executed a Deed of Trust (the "Zepeda Deed of Trust") in favor of Ms. Zepeda. The Zepeda Deed of Trust says that it was "made December 1, 2014," but the notarization establishes that the Amados did not execute it until October 28, 2015. The Zepeda Deed of Trust was recorded on October 29, 2015.

The Zepeda Deed of Trust states it is for the purpose of securing payment of the sum of $120,243.00 with interest thereon according to the terms of a Secured Demand Note or Notes of "even date herewith" made by the Amados. Two versions of an Amended Secured Demand Note dated December 1, 2014, were received in evidence. The two versions are identical in all respects except one provides for interest at 8.00% per annum and the other provides for interest at 4.58% per annum. I find, based primarily on Ms. Zepeda's testimony, that the version with the 8.00% interest rate is the operative note, and I will refer to it as the "Amended Secured Note."

The original principal amount of the Amended Secured Note is

$120,243.00. The note provides that that amount includes all accrued interest until the date of the Amended Secured Note. Therefore, Ms. Zepeda is not entitled to recover any additional interest that accrued prior to December 1, 2014.

The Amended Secured Note does not provide for compound interest or "interest on interest" after December 1, 2014. Applying the 8% per annum simple interest rate to the principal balance of $120,243,00 from December 1, 2014 to July 14, 2020 (the bankruptcy filing date) results in a total balance of principal and interest of $175,073.80.

The Amended Secured Note provides that the holder may recover collection costs incurred and arising out of or related to the collection of any amounts due under the Note and which in any way effect the exercise by Zepeda of Zepeda's rights and remedies under the Note or any instrument securing the Note. Ms. Zepeda provided evidence that she made payments to certain attorneys (at least some of whom were representing the Amados in the dispute with the Deans), but Ms. Zepeda offered insufficient evidence that she incurred reasonable attorneys' fees in

collecting the debt or protecting her interest in the Property, particularly where she did not have any such interest to protect until the Zepeda Deed of Trust was recorded on October 29, 2015.

On December 29, 2015, the Deans recorded an Abstract of the Money Judgment creating a lien against the Property in favor of the Deans. On May 21, 2020, an Amended Judgment Following Appeal was entered by the Superior Court of California, in favor of the Deans as against the Amados, confirming the Arbitration Award and Judgment in the amount of $357,970.28 plus interest at the rate of 10% per annum until paid in full.

Applying the clear and convincing standard of proof, I find that the Amados executed, delivered, and recorded the Zepeda Deed of Trust with the actual intent to hinder, delay, or defraud the Deans. The pieces of circumstantial evidence, or badges of fraud, that prove the Amados' intent include (1) the signing of the Zepeda Deed of Trust by the Amados only days after the California court entered judgment against them and in favor of the Deans; (2) the unexplained failure of the Amados and Ms. Zepeda to document or secure the debt in the decade after Ms. Zepeda made the first

loan to the Amados; (3) the obvious backdating of the Amended Secured Note and Zepeda Deed of Trust to make it appear that these predated events in the Deans' litigation; (4) the close family relationship between the Amados and Ms. Zepeda; and (5) the Amados' continued possession and control over the Property, which is their most valuable asset.

Ms. Zepeda gave value in exchange for the Zepeda Deed of Trust because it secured a preexisting debt that the Amados owed to her. She did not take the transfer in good faith because she knew, based on information provided to her by Mr. Amado, that the Amados were in financial trouble and were in litigation with the Deans.

In the summer of 2020, the Deans obtained an order providing for an execution sale of the Property. They also filed a complaint in state court to set aside the Zepeda Deed of Trust as a fraudulent transfer.

On July 14, 2020, Ms. Amado filed her petition under Chapter 13.

On October 15, 2021, the parties filed a stipulation (ECF 117) valuing the Property, as of October 15, 2021, at $1,190,000, for the Evidentiary Hearing and related purposes.

U.S. Bankruptcy Court - Hawaii   #20-00831   Dkt # 140   Filed 11/17/21   Page 6 of 8

# CONCLUSIONS OF LAW

Based on these findings of fact, I draw the following conclusions of law:

Ms. Zepeda has a claim against Ms. Amado in the amount of $175,073.80 as of the chapter 13 petition date.

The Zepeda Deed of Trust is an avoidable transfer under California state law and 11 U.S.C. § 544(b).

Ms. Zepeda's claim against Ms. Amado must be disallowed unless Ms. Zepeda releases the Zepeda Deed of Trust. 11 U.S.C. § 502(c).

# ORDERS

Based on these findings of fact and conclusions of law, the court will enter separate orders determining that:

a. The Zepeda Claim Objection is sustained as follows: (1) the Zepeda Claim is disallowed in its entirety as a secured claim; (2) the Zepeda Claim is disallowed in its entirety as a general unsecured claim unless Ms. Zepeda provides a complete release of the Zepeda Deed of Trust; (3) if Ms. Zepeda releases the Zepeda Deed of Trust, Ms. Zepeda

shall have an allowed general unsecured claim in the total amount of $175,073.80; and (4) all other amounts claimed by Ms. Zepeda, including reimbursement of collection costs and attorneys' fees, are disallowed, and

b. The Fraudulent Transfer Lawsuit Motion for Relief is denied. The purpose of that motion was to seek leave to pursue avoidance of the Zepeda Deed of Trust in state court. This court has just avoided that lien.

As for the Real Property Sale Motion for Relief, it is continued to November 16, 2021 at 1:30 p.m.[1] The parties are encouraged to discuss ways of dealing with the Property that are more advantageous than an execution sale.

**END OF FINDINGS OF FACT AND CONCLUSIONS OF LAW**

---

[1] An amended chapter 13 plan has been filed and set for hearing on December 14, 2021 at 9:30 a.m. The hearing on the Real Property Sale Motion for Relief has been rescheduled for the same date/time by agreement of the parties with court approval.